# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BATTLE BORN MUNITIONS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 18-1418 |
| | Judge Nora Barry Fischer |
| DICK'S SPORTING GOODS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

I.  INTRODUCTION

This commercial dispute between Plaintiff Battle Born Munitions, Inc., ("Battle Born"), and Defendant Dick's Sporting Goods, Inc., ("Dick's"), returns to the Court on competing motions involving Battle Born's Second Amended Complaint filed on September 1, 2019 which seeks to convert this lawsuit to a class action brought on behalf of hundreds of unidentified vendors asserting breach of contract claims against Dick's. (Docket No. 54). To that end, Dick's moves to strike the pleading as it was filed in violation of the Court's Case Management Order while Battle Born seeks leave of court to file it nunc pro tunc. (Docket Nos. 55; 60). The motions have been fully briefed and are now ripe for disposition. (Docket Nos. 55; 56; 60-62; 65). After careful consideration of the parties' positions, and for the following reasons, Battle Born's motion to amend [60] is denied, its Second Amended Complaint [54] is dismissed, and Dick's motion to strike [55] is denied, as moot.

II.  BACKGROUND

As the parties are well familiar with the facts of this matter in light of the Court's prior rulings, the Court sets forth only those facts necessary to resolve the instant motions. (*See* Docket

Nos. 35; 43). On May 3, 2019, this Court issued a Memorandum Opinion granting a Rule 12(b)(6) motion to dismiss filed by Dick's, and denying its corresponding Rule 12(f) motion to strike, as moot. (Docket No. 35). Specifically, the Court dismissed Battle Born's fraudulent inducement, negligent misrepresentation and *Bilt-Rite* claims and also partially dismissed its breach of contract claims to the extent that it sought consequential damages or lost profits, as such relief is barred by the parties' contract. (*Id.*). The Court held that its dismissal was with prejudice and denied Battle Born leave to amend its claims and damages a second time. (*Id.*). The Court subsequently denied Battle Born's motion requesting leave to certify the Court's Order and to permit an interlocutory appeal. (Docket No. 43).

The Court held a case management conference on June 12, 2019 at which time a case management order was entered establishing a deadline for fact discovery of October 10, 2019 and a deadline for the filing of motions to amend pleadings and/or to add parties by September 1, 2019. (*See* Docket No. 49). The case was also referred to mediation as part of the mandatory Alternative Dispute Resolution Program. (Docket No. 50). During the case management conference, the parties briefly discussed the potential class action claim given a reference to same in their Rule 26(f) Report, (*see* Docket No. 44 at ¶ 9.d), and the Court provided them with a citation to its prior decision in *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112 (W.D. Pa. Sep. 15, 2015) denying leave to amend for the purpose of adding a class action claim. The case was not resolved at the June 26, 2019 ADR session and the parties proceeded to fact discovery. In a joint status report filed on August 15, 2019, the parties reported that some documents and written discovery needed to be exchanged but that they "believe[d] discovery will be completed by the October 10, 2019 cut-off date." (Docket No. 53).

On September 1, 2019, Battle Born filed its Second Amended Complaint, without consent of Dick's or leave of court. (Docket No. 54). In its proposed class action, Battle Born seeks to bring breach of contract claims against Dick's on behalf of three separate classes of similarly situated vendors: vendors who involuntarily warehoused Dick's branded inventory due to Dick's failure to take delivery, as promised, within a commercially reasonable period; vendors against whom Dick's took improper payment discounts; and vendors against whom Dick's deducted chargebacks without justification. (Docket Nos. 54; 61). Dick's responded by moving to strike the pleading on September 6, 2019. (Docket Nos. 55; 56). Four days later, Battle Born filed a class action complaint against Dick's in the U.S. District Court for the District of Nevada, asserting fraud and statutory claims under Nevada law, ("Nevada lawsuit"). *See Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, Civ. A. No. 3:19-561, Docket No. 1 (D. Nev. Sept. 10, 2019). Without mentioning the Nevada lawsuit, Battle Born requested a seven-day extension of time to file its response to Dick's motion to strike, which the Court granted. (Docket Nos. 58; 59). On September 27, 2019, Battle Born filed a motion for leave to file its Second Amended Complaint, brief in support and a brief in opposition to the motion to strike. (Docket Nos. 60-61). Dick's submitted its brief in opposition on October 7, 2019. (Docket No. 65). No further briefing has been requested[1] and the Court considers the motions to be fully brief and ripe for disposition.

III. LEGAL STANDARDS

A party seeking leave to amend the pleadings after the deadline set by the Court's Case Management Order must satisfy the requirements of Rule 16(b)(4) of the Federal Rules of Civil

---

[1] The Court notes that on October 15, 2019, Dick's separately filed a motion to quash three subpoenas on third parties, asserting that the subpoenas are premature as the Court has yet to rule on the propriety of the class action and otherwise were untimely because the they were served on October 9, 2019 or the day before the close of fact discovery on October 10, 2019. (Docket No. 66). Battle Born's response is due by October 22, 2019. (Docket No. 67). A review of the docket for the Nevada lawsuit also indicates that Dick's has moved to dismiss and/or transfer the matter to this Court. *See* Civ. A. No. 3:19-561 (D. Nev.).

Procedure. *See Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). A Case Management Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a demonstration of due diligence. *Race Tires Am., Inc.*, 614 F.3d at 84. "Many courts have recognized that '[w]here ... the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham*, 271 F.R.D. at 119 (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010)).

Only once the moving party demonstrates good cause under Rule 16(b)(4) can the Court consider the motion under Rule 15's standard. *Cf. Walker*, 558 F. App'x at 221–22 (citing *Race Tires Am., Inc.*, 614 F.3d at 84). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 200 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of [leave to file] an amendment." *Cornell & Co. v. Occupational Safety and Health Review Com'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted). "As to prejudice, the Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham*, 271 F.R.D. at 123 (citing *Cureton v. Nat'l Collegiate*

*Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Id.* (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007)). The test under Rule 15(a) "is in the disjunctive, meaning that if [Defendants] meet[ ] [their] burden to prove any one of these elements, the [amendment] should not be permitted." *Id.*

IV.   DISCUSSION

The parties dispute whether Battle Born has met its burden to demonstrate that it should be granted leave to file its Second Amended Complaint at this time. (Docket Nos. 55-56; 60-62; 65). Battle Born maintains that it has shown good cause for the proposed amendments and that Dick's will not be prejudiced by same because it was made aware of the potential class action at the outset of this litigation. (Docket Nos. 60-62). Dick's counters that it has been prejudiced by Battle Born's delays given that fact discovery was scheduled to end on October 10, 2019 and further asserts that this case should proceed as to the remaining breach of contract claim between these two entities only. (Docket Nos. 55-56; 65). Having considered the parties' positions, the Court holds that Battle Born has failed to demonstrate that its Second Amended Complaint should be permitted under the prevailing standards governing motions under both Rule 15 and Rule 16. *See Graham*, 271 F.R.D. at 119, 121. Therefore, its untimely motion to amend its complaint a second time to assert class action claims against Dick's will be denied. The Court's rationale follows.

With respect to Rule 16, Battle Born has not established good cause for failing to adhere to the September 1, 2019 deadline to file <u>motions</u> to amend pleadings or add new parties and has not otherwise acted with diligence in pursuing its class action claims. As this Court has held previously,

> "[c]arelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause'

5

> under Rule 16(b)." Likewise, tactical errors and delays by experienced attorneys, such as those made in this action, do not demonstrate that Plaintiffs acted with diligence to this Court.

*Graham*, 271 F.R.D. at 121 (quoting *Chancellor v. Pottsgrove School Dist.*, 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007) (citations omitted)). Further, a party is presumptively not diligent if it delays acting on information that it possessed at the outset of the litigation. *Id*. at 119.

Here, the record reveals that Battle Born's untimely actions in seeking leave to add the class action claims are, at best, attributable to attorney error or legal strategy such that neither diligence nor good cause have been shown. *See id*. at 119, 121. In this regard, Battle Born admits that it knew about the potential class action claims from the beginning of this litigation and concedes that it failed to adhere to this Court's September 1, 2019 deadline to file motions for leave to amend and add new parties. (*See* Docket No. 61 at 2 ("The subject of the class action was raised in the fall of 2018, and discussed with the Court during the June 2019 status conference.")). While Battle Born claims that Dick's has not been prejudiced by these delays because it filed the Second Amended Complaint on September 1, 2019, the Court disagrees. In addition to violating this Court's order, Battle Born's amended pleading did not conform to Rule 15(a)(2) because it was filed without Dick's consent or leave of Court. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Further, Battle Born has not articulated any specific allegations in its Second Amended Complaint nor in its briefing to demonstrate what additional information was learned during the period of fact discovery justifying its delays in bringing the class claims and it appears to the Court its conclusory allegations could have been brought at a much earlier point in the litigation. (*See* Docket No. 61 at 2 ("The same allegations, specific to BBM, are alleged in BBM's First Amended Complaint." and stating only that "It took more than a year to assess the feasibility of a class action

> under Rule 16(b)." Likewise, tactical errors and delays by experienced attorneys, such as those made in this action, do not demonstrate that Plaintiffs acted with diligence to this Court.

*Graham*, 271 F.R.D. at 121 (quoting *Chancellor v. Pottsgrove School Dist.*, 501 F. Supp. 2d 695, 701-02 (E.D. Pa. 2007) (citations omitted)). Further, a party is presumptively not diligent if it delays acting on information that it possessed at the outset of the litigation. *Id*. at 119.

Here, the record reveals that Battle Born's untimely actions in seeking leave to add the class action claims are, at best, attributable to attorney error or legal strategy such that neither diligence nor good cause have been shown. *See id*. at 119, 121. In this regard, Battle Born admits that it knew about the potential class action claims from the beginning of this litigation and concedes that it failed to adhere to this Court's September 1, 2019 deadline to file motions for leave to amend and add new parties. (*See* Docket No. 61 at 2 ("The subject of the class action was raised in the fall of 2018, and discussed with the Court during the June 2019 status conference.")). While Battle Born claims that Dick's has not been prejudiced by these delays because it filed the Second Amended Complaint on September 1, 2019, the Court disagrees. In addition to violating this Court's order, Battle Born's amended pleading did not conform to Rule 15(a)(2) because it was filed without Dick's consent or leave of Court. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Further, Battle Born has not articulated any specific allegations in its Second Amended Complaint nor in its briefing to demonstrate what additional information was learned during the period of fact discovery justifying its delays in bringing the class claims and it appears to the Court its conclusory allegations could have been brought at a much earlier point in the litigation. (*See* Docket No. 61 at 2 ("The same allegations, specific to BBM, are alleged in BBM's First Amended Complaint." and stating only that "It took more than a year to assess the feasibility of a class action

on these specific claims, which is reasonable given that Dick's uses a global network of vendors, and further given Dick's use of a confidential arbitration provision in a majority of its vendor agreements.")). Battle Born has not proffered any excuse for delaying several more weeks before filing the required motion to amend, despite Dick's moving to strike the pleading on September 6, 2019. (Docket Nos. 60-62). Indeed, Battle Born clearly could have acted more quickly because it filed the Nevada lawsuit four days later. *See Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, Civ. A. No. 3:19-561, Docket No. 1 (D. Nev. Sept. 10, 2019). Therefore, Battle Born's motion to amend is denied as it has not shown good cause for failing to adhere to the Court's deadline nor diligence in bringing its class action claims. *See Race Tires Am., Inc.*, 614 F.3d at 84.

Although the Court may deny Battle Born's motion on these grounds alone, the Court would also alternatively hold that it has failed to meet its burden to permit the proposed amendment under Rule 15. For the reasons already stated, the Court finds that Battle Born has unduly delayed by waiting to seek leave to add its class action claims until two weeks prior to the conclusion of the period for fact discovery. The Court believes that Dick's will be significantly prejudiced if the class action claims are permitted because this straightforward case between a retail sporting goods chain and one of its vendors alleging a breach of a single agreement would be transformed into a class action involving possibly hundreds of vendors and alleged breaches of numerous different agreements Dick's entered into with those entities. *See e.g.*, *Cureton*, 252 F.3d at 274 (affirming district court's decision to deny a proposed amendment that would "fundamentally alter" the litigation); *Graham*, 271 F.R.D. at 123 (finding prejudice because the proposed amendment to add a class claim "would transform this litigation from a straightforward individual action brought by two plaintiffs into a complex class action involving potentially hundreds or thousands of

plaintiffs."). While Battle Born argues that its amendment does not involve the assertion of new legal theories into the case, the introduction of class action claims would add class certification issues and unnecessarily complicate this relatively simple matter. Of course, the discovery necessary to prove and defend the class action allegations involving breaches of various agreements between Dick's and the unnamed vendors Battle Born is attempting to join would be exponentially greater and much more costly than what is needed if the case remains a single breach of contract claim between the instant parties. *See Graham*, 271 F.R.D. at 123. In fact, the parties reported on August 15, 2019 that some written discovery and document productions were outstanding but they believed that discovery would be completed by the October 10, 2019 deadline established by the Court. (Docket No. 53). Now that such deadline has expired, without either party filing an appropriate motion for an extension of time, discovery would need to be reopened to afford all parties the opportunity to conduct discovery on these class action claims. Accordingly, Battle Born's motion to amend is denied to the extent that it relies upon Rule 15.

All told, the Court finds that Battle Born has failed to meet its burden to demonstrate good cause to permit the untimely pleading and that its delays in bringing this motion at this late stage of the proceedings will prejudice Dick's which has defended, mediated and discovered the case as a straightforward matter involving alleging breaches of a single vendor agreement between it and one of its vendors. *See Graham*, 271 F.R.D. at 119-125. As in the *Graham* matter, this Court declines to exercise its discretion to permit Battle Born to wholly transform this litigation into a complex class action. *Id.* It is also this Court's opinion that permitting the class action and reopening discovery is not appropriate and would run counter to the dictates of Rule 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given the Court's rulings and in the interests of judicial economy, the Court declines to

specifically analyze all of Dick's well-taken arguments challenging the sufficiency of the class action allegations under Rule 23.[2]  Hence, Dick's motion to strike will be denied, as moot.

V.     CONCLUSION

Based on the foregoing, Battle Born's motion to amend is denied, its Second Amended Complaint is dismissed, and Dick's motion to strike is denied, as moot.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 22, 2019

cc/ecf: All counsel of record.

---

[2]  To this end, Dick's asserts that Battle Born has not identified a single vendor which would be a part of any of the three proposed classes; has failed to provide any specifics supporting its conclusory allegations that Dick's similarly breached separate agreements with all of those unnamed entities; and admits that some these agreements contain arbitration clauses such that their participation in a class action lawsuit is questionable, at best.   (Docket Nos. 55-56).