IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BATTLE BORN MUNITIONS INC.,                )
                                           )
                                           )
              Plaintiff,                   )          2:18-CV-01418-CCW
                                           )
       v.                                  )
                                           )
DICK'S SPORTING GOODS, INC.,               )
                                           )
                                           )
              Defendant.                   )

**MEMORANDUM ORDER ON PRETRIAL MOTIONS IN LIMINE**

Pending before the Court are four pretrial motions in limine filed by Defendant Dick's Sporting Goods, Inc., to which Plaintiff has responded.[1]  For the reasons set forth below, the Court resolves these motions as follows:

- Defendant's First Motion in Limine, ECF No. 105, is GRANTED;

- Defendant's Amended Second Motion in Limine, ECF No. 129, is GRANTED;

- Defendant's Amended Third Motion in Limine, ECF No. 131, is GRANTED; and

- Defendant's Fourth Motion in Limine, ECF No. 111, is GRANTED IN PART and DENIED IN PART.

## I.   BACKGROUND

This case centers around the parties' respective obligations stemming from an agreement in which Plaintiff, a Nevada-based ammunition manufacturer, agreed to supply Defendant, a Pennsylvania-based sporting goods retailer, with customized branded ammunition for Defendant

---

[1] References to the parties' respective arguments throughout refer to their briefs supporting or opposing each motion.

to sell at its retail stores.  *See generally*, ECF No. 22.  The Court has diversity jurisdiction over the case, pursuant to 28 U.S.C. § 1332.

The operative complaint in this case is the First Amended Complaint.  ECF No. 22 (First. Am. Compl.);  ECF No. 69 (Order by Judge Fischer, then-presiding, denying Plaintiff leave to amend the pleadings and striking Plaintiff's Second Amended Complaint, ECF No. 54). Originally, the First Amended Complaint set out four causes of action:  (1) Breach of Contract (Count I);  Fraudulent Inducement (Count II);  Negligent Misrepresentation (Count III);  and violation of Restatement (Second) of Torts § 522, as recognized by the Commonwealth of Pennsylvania (Count IV).  ECF No. 22.

After the parties fully briefed the issues Defendant raised in its Motion to Dismiss the First Amended Complaint, ECF No.  26, Judge Fischer dismissed Counts II, III, and IV with prejudice. ECF Nos. 35, 36.  The Court also dismissed with prejudice Plaintiff's claims for consequential damages and lost profits sought in connection with Count I.  *Id*. The only remaining claim in the case is the breach of contract claim in Count I, but without consequential damages and damages for lost profits.  *Id.*

Plaintiff alleges that the parties entered into the Vendor Agreement for Plaintiff to supply Defendant with branded ammunition.  ECF No. 22 at ¶ 6.  Plaintiff claims that, pursuant to the Vendor Agreement, Defendant agreed to accept certain branded ammunition from Plaintiff until November 17, 2016.  *Id*.  Plaintiff alleges that it "staged the goods for delivery within the timeframe for delivery," but Defendant refused to accept the branded ammunition even before November 17, 2016.  *Id*. at ¶ 10–11.  According to Plaintiff, Defendant eventually accepted the branded ammunition, but not until August 2017.  *Id*. at ¶ 6.  In the interim, Plaintiff incurred substantial economic damages and lost opportunities—including missing out on an alleged deal to

sell helicopters to the government of Lebanon—because it had to warehouse and insure the branded ammunition until Defendant was willing to accept it and Plaintiff could not resell the ammunition because it was branded with Defendant's logo. *Id.* at ¶¶ 6–8. Plaintiff also alleges that Defendant improperly deducted chargebacks[2] from Plaintiff's invoices without providing any support or explanation for those deductions. *Id.* at ¶ 13. According to Plaintiff, it lost $14,608 as a result of the chargebacks Defendant improperly charged it during 2016 and 2017. *Id.*

## II.    Legal Standard

"[A] motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, 2019 U.S. Dist. LEXIS 131234, at *7 (W.D. Pa. Aug. 6, 2019) (internal citation omitted).

---

[2] Chargebacks are "deductions taken when delivered inventory does not meet certain specifications." ECF No. 22 at ¶ 13.

### III.   Analysis

#### A.   Defendant's First Motion in Limine, ECF No. 105, is Granted

##### 1.   The Parties' Arguments

Defendant's First Motion in Limine seeks to exclude evidence of damages other than alleged underpayment of invoices and chargebacks.  ECF No. 106, at 1.  Plaintiff's Amended Pretrial Statement, ECF No. 103-1, itemizes three categories of damages: (1) underpayment of invoices ($108,462);   (2) chargebacks ($14,608);   and (3) warehousing and insurance costs ($77,868).  ECF No. 103-1 at 3.

###### a.  Incidental Damages

The parties do not dispute that the warehousing and insurance costs are incidental damages. *See* ECF No. 106 at 2;  ECF No. 119 at 2.  Defendant argues that evidence of the warehousing and insurance costs is inadmissible because it is not relevant.  Defendant reasons that incidental damages are defined by Pennsylvania's Uniform Commercial Code, 13 Pa. S.C. § 2710, and Judge Fischer dismissed Plaintiff's claims for incidental damages in her May 3, 2019 Order, ECF No. 36.  *See* ECF No. 106 at 2–3.  Defendant also argues that evidence of incidental damages is irrelevant because Plaintiff cannot recover them under the terms of the Vendor Agreement.  *Id.* at 2–3.  According to Defendant, the Vendor Agreement contains a valid damages-limitation provision that precludes recovery of incidental damages except in cases of gross negligence, fraud, of willful misconduct.  *See* ECF No. 106 at 3.  Defendant therefore contends that the damages limitation provision forecloses Plaintiff from recovering for incidental damages here.  ECF No. 106 at 2–3.

4

Plaintiff responds that evidence of the warehousing and insurance costs is nevertheless admissible because, in its view, the Court's May 3, 2019 Order, ECF No. 36, did not dismiss Plaintiff's incidental damages claims, only its claims for consequential damages and lost profits. *See* ECF No. 119 at 2.  According to Plaintiff, neither the Court's May 3, 2019 Order nor the Vendor Agreement foreclose Plaintiff from seeking incidental damages;  specifically, Plaintiff argues that the Vendor Agreement's limitation of damages is inapplicable because of Defendants' allegedly fraudulent, grossly negligent, and willful misconduct.  ECF No. 119 at 2.  Because incidental damages may be available if Plaintiff establishes that there was fraud, gross negligence, or willful misconduct, so Plaintiff argues, the evidence of incidental damages are relevant to the Plaintiff's recovery and are, therefore admissible.  *Id.*

### b.  Consequential Damages

Defendant also argues that any evidence of consequential damages or lost profits related to Plaintiff's failed deal with the government of Lebanon for the sale of helicopters should be excluded as irrelevant, given that Judge Fischer previously dismissed Plaintiff's request for consequential and lost profit damages on its breach of contract claim.  ECF No. 106 at 4.  Plaintiff argues that the Court ruled that the Vendor Agreements' limitation of damages provision did not apply to Plaintiff's more tangential claim for the loss of $5 million on a failed helicopter deal in the Middle East.  ECF No. 119 at 2.  Plaintiff appears to argue that the $5 million Plaintiff allegedly lost in the helicopter deal supports its theory that Defendant committed fraud, gross negligence, or willful misconduct and, as a result, the damages limitation provision of the Vendor Agreement could not apply to Plaintiff's claims for incidental damages.  ECF No. 119 at 2.  Judge Fischer's decision on the Defendant's Motion to Dismiss the Amended Complaint, ECF No. 26, clearly stated that "the Court holds that the more than $5 million in consequential damages/lost profits

claimed by Battle Born arising from the failed helicopter deal with Lebanon are unavailable to remedy a breach of the Vendor Agreement." ECF No. 35 at 16. Defendant argues that Plaintiff should be prohibited from introducing evidence about the helicopter deal because Judge Fischer already ruled that the consequential damages and lost profits stemming therefrom are not recoverable in this action. *See* ECF No. 106 at 4.

### 2. Evidence of Incidental Damages and Consequential Damages Should be Excluded

The Court agrees with Defendant that evidence of incidental damages and consequential damages should be excluded in this case.

Only relevant evidence is admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless, the court may exclude relevant evidence where the probative value is substantially outweighed by any of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *see e.g.*, *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, No. 3:15-cv-22, 2019 U.S. Dist. LEXIS 131234, at *14 (W.D. Pa. Aug. 6, 2019) (excluding an expert report that supports the calculation of breach of contract damages under Rule 403 because of the substantial danger that the report would confuse and mislead the jury).

There is no doubt that the Court dismissed Plaintiffs' Counts II–IV and that only Plaintiff's Count I breach of contract claim remains. ECF No. 36. Though Plaintiff is theoretically able to recover for incidental damages if it can establish that Defendant acted fraudulently, committed gross negligence, or carried out willful misconduct, presenting that evidence is tantamount to bringing the Plaintiffs' dismissed tort actions before the jury through the back door. The evidence

Plaintiff would use to establish fraud, gross negligence, or willful misconduct would cause unfair prejudice and risk of confusing the issues and misleading the jury that substantially outweighs any probative value of the evidence.

Plaintiffs availed themselves of the opportunity to bring claims against Defendant for negligence, fraud, and other torts. *See* ECF No. 22. The Court dismissed Plaintiffs' fraudulent inducement, negligent misrepresentation and Restatement (Second) § 552 (information negligently supplied for the guidance of other) claims with prejudice. ECF No. 36. Having already determined that Plaintiff's claims in Counts II–IV fail on the merits, evidence that Plaintiff intends to use to show that the damages limitation provision of the Vendor Agreement does not apply, such as the circumstances surrounding the $5 million helicopter deal, have limited probative value. The risk that such evidence will mislead the jury, confuse the issues, and ultimately unfairly prejudice Defendant substantially outweighs the limited probative value of the evidence. The Court will grant Defendant's First Motion in Limine.

### B.    Defendant's Amended Second Motion in Limine, ECF No. 129, is Granted

Defendant's Amended Second Motion in Limine, ECF No. 129, seeks to exclude evidence concerning Defendant's relations with vendors other than Plaintiff, including evidence related to Defendant's alleged patterns, practices, policies, or procedures concerning other vendors. ECF No. 130 at 1. Defendant argues that evidence of its relationships with other vendors is irrelevant to this contract dispute, which is between the Plaintiff and Defendant only. *Id*. at 1–2. Defendant notes that the Court previously denied Plaintiff's motion to expand the action beyond a two-party breach of contract case by adding class allegations. *Id.* (citing ECF No. 69). The claim before the Court is a breach of contract claim between Plaintiff and Defendant. ECF No. 22. Evidence of Defendant's relationships or actions in connection with vendors other than Plaintiff are irrelevant

to whether Defendant breached the Vendor Agreement with Plaintiff.  *See Roy-Vesely v. State Farm Fire & Cas. Cp.*, No. 2:12-cv-1523, 2015 WL 12756845, at *1 (W.D. Pa. Nov. 19, 2015); *Steffy v. Home Depot, Inc.*, No. 1:06-CV-02227, 2009 WL 4279868, at *4 (M.D. Pa. June 15, 2009).

Further, to the extent that Plaintiff intends to use Defendant's conduct with respect to other vendors as evidence of Defendant's alleged misconduct with respect to Plaintiff, that is precisely the type of evidence that Federal Rule of Evidence 404 rules out. *See* Fed. R. Evid. 404(b)(1) ("evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Though Rule 404(b)(2) permits evidence of prior wrongs to prove motive, opportunity, intent, preparation plan, knowledge, identity, absence of mistake, or lack of accident, none of those items are elements of a breach of contract case.  *See Angino v. Wells Fargo Bank, N.A.*, 666 Fed.Appx. 204, 207 (3d Cir. 2016) (listing the elements of breach of contract under Pennsylvania law as: "(1) the existence of a contract, including its essential terms;  (2) the defendant's breach of duty imposed by the terms;  and (3) the actual loss or injury as a direct result of the breach.").  Therefore, if the Defendant's allegedly-wrongful conduct with respect to the other vendors could be used to establish any of the factors in Rule 404(b)(2), that evidence is irrelevant under Rule 401 as applied to Plaintiff's only viable cause of action.  Accordingly, Defendant's conduct and relationships with other vendors does not make any of the elements of Plaintiff's claim more or less likely and is therefore irrelevant.

In addition to being inadmissible for irrelevancy, evidence of Defendants' conduct with respect to other vendors risks misleading the jury, confusing the issues, and unfairly prejudicing Defendant because such evidence risks improperly resurrecting Plaintiffs' dismissed tort causes of

action in the jury's mind.  The risks of unfair prejudice, confusing the issues, and misleading the

jury would substantially outweigh any probative value of evidence of Defendant's conduct and

relationship with other vendors.  The Court will grant Defendant's Amended Second Motion in

Limine.

### C.    Defendant's Amended Third Motion in Limine, ECF No. 131, is Granted

Defendant's Amended Third Motion in Limine, ECF No. 131, seeks to preclude Plaintiff

from calling Mr. Edward Stack, Defendant's CEO, as a witness at trial.  Defendant argues that

Federal Rules of Evidence 601 and 602 require the Court to preclude Mr. Stack's testimony

because Plaintiff has never made an offer of proof that he has personal knowledge about the issues

before the Court.[3]  ECF No. 130 at 2.  In its Brief in Response, Plaintiff argues that

> it is reasonable to believe that Mr. Stack is personally aware of
> [Defendant's] mistreatment of, and misconduct towards, certain
> classes of its vendors, including [Plaintiff].  Specifically, it is
> beyond doubt that Mr. Stack is aware of [Defendant's] practice to
> treat as involuntary warehousemen unpaid vendors who legally
> cannot, or practically are unable to, re-sell [Defendant's]
> merchandise.

ECF No. 135 at 2.  Plaintiff claims that "Mr. Sta[c]k's testimony will establish [Plaintiff's] right

to incidental damages under the contractual exception of the limitations of damages clause."  *Id.*

Plaintiff's Notice of Offers of Proof of Witnesses, ECF No. 137, filed the same day as its

Brief in Opposition to Defendant's Amended Third Motion in Limine, describes why Plaintiff

intends to call Mr. Stack.  ECF No. 137 at ¶ 5.  Specifically, Plaintiff claims that he "possesses

---

[3] Defendant also argues that the Court should preclude Mr. Stack's testimony under the Apex Doctrine.  *See* ECF No. 130 at 2.  As both parties note, the Apex Doctrine relates to testimony during the discovery period.  *Id*; ECF No. 135 at 3.  Because Plaintiff failed to make an offer of proof that Mr. Stack has personal knowledge about the information it seeks to obtain from him at trial, Mr. Stack is incompetent to testify at trail under Rules 601 and 602 and the Court need not address the prudency of applying the Apex Doctrine to trial testimony.

unique and personal knowledge of [Defendant's] policy to delay the payment of invoices to vendors in [Plaintiff's situation] and of the underlying rationale for such a policy." *Id.* Plaintiff supports its claim that Mr. Stack has such knowledge arguing that "[i]t cannot be seriously questioned that Mr. Stack is aware of [Defendant's] policy to treat as involuntary warehousemen vendors whose invoices are unpaid and who legally cannot (due to branding issues), or practically are unable to, re-sell merchandise acquired for sale to [Defendant's] to another buyer." *Id.*

Plaintiff proffers that

> Mr. Stack can testify that [Defendant] uses this practice as inventory control, and it does so without the vendors' consent and entirely at the vendors' expense. . . . Mr. Stack's testimony will afford [Plaintiff] an opportunity to prove by clear and convincing evidence that [Defendant] engaged in bad faith, gross negligence and/or fraud for purposes of an award of incidental damages.

*Id.*

Plaintiff's offer of proof does not actually establish that Mr. Stack has personal knowledge of any of Defendant's policies or actions related to Plaintiff's breach of contract case. Plaintiff's offer of proof assumes that Mr. Stack does, given his position as Defendant's CEO. However, even a CEO may not have personal knowledge of every policy or procedure in place at a large corporation. Plaintiff did not depose Mr. Stack, ECF No. 130 at 1, and cannot rely on assumptions about Mr. Stack's personal knowledge. Without a sufficient offer of proof that Mr. Stack has personal knowledge of the information for which Plaintiff seeks his testimony, he is not competent to testify as a witness under Federal Rules of Evidence 601 and 602.

Even if Mr. Stack had personal knowledge of Defendant's policies and procedures related to other vendors, his testimony as to the other vendors would still be precluded. In short, Plaintiffs seeks to use Mr. Stack to establish Defendant's allegedly wrongful conduct with respect to other vendors to revive Plaintiffs' claim for recovery for bad faith, negligence, and other torts. For the

reasons explained in connection with Defendant's Amended Second Motion in Limine, evidence regarding Defendant's conduct with respect to other vendors is inadmissible and the evidence that Defendant engaged in bad faith, gross negligence and/or fraud risks confusing the issues, misleading the jury into believing this is a tort case, and unfairly prejudicing the Defendant and such risk substantially outweighs the limited probative value of the evidence.  Therefore, Mr. Stack's testimony will be precluded.

Finally, even if Mr. Stack had personal knowledge of the dealings between Plaintiff and Defendant, such that he was competent to testify on that issue, his testimony on that topic would be needlessly cumulative.  Plaintiff intends to call Ms. Nadine Levinger, who, according to Plaintiff, "was responsible for accounts payable at [Defendant's] and had numerous communications with [Plaintiff] regarding invoicing, delivery, late payments, chargebacks and deductions in regard to [Plaintiff's] merchandise."  ECF No. 137 at ¶ 2.  Plaintiff's Offer of Proof indicates that "Ms. Levinger can also testify to Dick's corporate policy to refuse delivery of merchandise, delay payment of invoices, and thereby convert a vendor, such as [Plaintiff] into an involuntary and non-compensated warehouseman."  *Id*.  Accordingly, unlike Mr. Stack, Plaintiff has stated that Ms. Levinger has personal knowledge of the issues Plaintiff seeks to have her testify about.  *See* ECF No. 137 at ¶¶ 2,5.  To the extent otherwise topically admissible, Ms. Levinger's testimony regarding Defendant's corporate policies would be needlessly cumulative of any potential testimony of Mr. Stack, and the need to streamline the litigation and present concise cases to the jury substantially outweighs the utility of needlessly cumulative evidence.  *See United States v. Cross*, 308 F.3d 308 (3d Cir. 2002) (explaining that "[e]vidence is cumulative when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of

the trial, with all the potential for confusion, as well as prejudice to other litigants, who must wait longer for their trial, that a long trial creates." (citation omitted)).  For all of these reasons, the Court will grant Defendant's Amended Third Motion in Limine.

###   D.     Defendant's Fourth Motion in Limine, ECF No. 111, is Granted in Part and Denied in Part

Defendant's Fourth Motion in Limine, ECF No. 111, seeks to exclude the testimony of certain witnesses and certain exhibits that Defendant claims Plaintiff never disclosed to Defendant. *See* ECF No. 112.  According to Plaintiff, the individuals and exhibits at issue should not be excluded from trial because to the extent that the information was not included in Plaintiff's initial disclosures, Defendant would not be prejudiced by those individuals' testimony or the exhibits at trial.

Initial disclosures are governed by Federal Rule of Civil Procedure 26.  In particular, Rule 26(a)(1)(A)(i)–(iv) govern what information each party must furnish to the other without waiting for a discovery request.  A party has a duty to supplement its initial disclosures only if "the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e);  *Veverka v. Royal Caribbean Cruises Ltd*., 649 Fed.Appx. 162, 166 (3d Cir. 2016);  *Kacian v. Brennan*, 2017 U.S. Dist. LEXIS 32629, at *8– 9 (W.D. Pa. Mar. 8, 2017).

District courts have broad discretion regarding evidentiary rulings.  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).  According to the Third Circuit, before excluding evidence as a sanction, district courts must consider four factors:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;  (2) the ability of the party to cure that prejudice;  (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court;  and (4) bad faith or willingness in failing

to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *see e.g.*, *Gucker v. United States Steel Corp.*, 2016 U.S. Dist. LEXIS 11519, at \*13–16 (W.D. Pa. Jan. 31, 2016).

### 1.  Witnesses

In particular, Defendant seeks to exclude the testimony of the following individuals whom Plaintiff included in its Amended Pretrial Statement, ECF No. 114, because Plaintiff did not include them in its initial disclosures:  (1) Amer Smailbegovic;  (2) Sanjay Gupta;  (3) John Christopher;  (4) Kevin Beers;  (5) Chris Bereznay;  (6) Keven Van Varce;  (7) David Walace;  (8) Marty Hahn;  and (9) Robert Jusick.  ECF No. 112 at 2–3.  Plaintiff argues that none of the witnesses listed in Plaintiff's Amended Pretrial Statement come as a surprise to Defendant and, with the exception of Mr. Smailbegovic, Mr. Gupta, and Mr. Christopher, all of the witnesses at issue were Defendant's employees.  ECF No. 122 at 2.

### a.  Defendant's Employees

Defendant is in the best position to identify who among its employees has information regarding the transactions and occurrences at issue.  Because during the course of the litigation and in mounting its defense, Defendant became aware of the employees who have information about the facts at issue, Plaintiff did not have an obligation to supplement its initial disclosures to include the witnesses who are also Defendant's employees.  *See* Fed. R. Civ. P. 26(e);  *see e.g., Veverka v. Royal Caribbean Cruises Ltd.*, 649 Fed.Appx. 162, 166 (3d Cir. 2016) (affirming district court's decision to permit the affidavit of a witnesses who was not disclosed under Rule 26 because the witness was known to the objecting party).  Even if Plaintiff did have a duty to supplement the disclosures to include the witnesses who are also Defendant's employees, any

13

failure to do so was harmless because Defendant was on notice of who among its staff had knowledge of the transactions. *See* Fed. R. Civ. P. 37(c)(1); *Kacian*, 2017 U.S. Dist. LEXIS 32629 at *8 (a failure to disclose is harmless "if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced."). Because "exclud[ing] critical evidence is an 'extreme sanction,' not normally to be imposed absent a showing of willful deception of 'flagrant disregard' of a court order by the proponent of evidence," *In re Paoli R. R. Yard PCB Litig*., 35 F.3d 717, 791–92 (3d Cir. 1994) (quoting *Meyers v. Pennypack Woods home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1997), the Court will not limit Plaintiff's use of:  Kevin Beers;  Chris Bereznay;  Marty Hahn;  Robert Kusick;  Keven Van Varce;  and David Wallace—all of whom are Defendant's employees.

### b.  Individuals Not Employed by Defendant

Of the contested potential witnesses, three do not work for Defendant:   (1) Mr. Smailbegovic;  (2) Mr. Gupta;  and (3) Mr. Christopher.

As to Mr. Smailbegovic, Plaintiff claims that he is an employee of Plaintiff "whose name appears in email communications between the parties related to the transactions."  ECF No. 122 at 2.  According to Plaintiff's Offer of Proof, Mr. Smailbegovic is Plaintiff's Vice President and he directly communicated with Defendant concerning paying Plaintiff's invoices and delivery. ECF No. 137 at ¶ 4.  Plaintiff put Defendant on notice of the possibility that Plaintiff would rely on Mr. Smailbegovic in this litigation when it served Defendant with a request for production of documents requesting "all audio and video recordings that captured commutations between Amer Smailbegovic and a representative of Dick's Sporting Goods."  ECF No. 122-2 at ¶ 5.  Defendant received and responded to the request.  ECF No. 122-2 at ¶ 5.  Accordingly, because Defendant became aware of Mr. Smailbegovic's potential to have information upon which Plaintiff would

rely, Plaintiff was not obligated to supplement its initial disclosures to identify Mr. Smailbegovic. *See* Fed. R. Civ. P. 26(e).   The Court will deny Defendant's Fourth Motion in Limine to the extent it seeks to preclude Mr. Smailbegovic's testimony.

With respect to Mr. Gupta, Plaintiff's Offer of Proof states that Mr. Gupta is the President of C2FO, a company that is not a party to this case, and that he has knowledge of Defendant's treatment of vendor invoices.   ECF No. 137 at ¶ 16.   According to Plaintiff's Offer of Proof, Mr. Christopher is also an employee of C2FO and is "knowledgeable of the same facts and transactions as Mr. Gupta."   ECF No. 137 at ¶ 17.   Plaintiff initially served a subpoena on C2FO as a corporation.   ECF No. 66-1.   After Defendant filed a motion to quash the subpoena, ECF No. 66, Plaintiff withdrew its subpoena.   ECF No. 70.   Plaintiff's response to Defendant's Motion does not explain whether or how Defendant would have been fairly aware of Mr. Gupta's or Mr. Christopher's potential involvement in the lawsuit.   ECF No. 122.   Because Plaintiff intends to use Mr. Gupta and Mr. Christopher's testimony for evidence of how Defendant treated other vendors, and the Court is granting Defendant's Amended Second Motion in Limine to exclude evidence of Defendant's treatment of other vendors, Mr. Gupta and Mr. Christopher's testimony will be excluded for the same reason.   Therefore, whether Plaintiff fairly put Defendants on notice of its intent to call them as witnesses is not material to the motion before the Court and Defendant's Fourth Motion in Limine is granted as to the testimony of Mr. Gupta and Mr. Christopher.

For these reasons, the Court will grant Defendant's Fourth Motion in Limine in part by excluding the testimony of Mr. Gupta and Mr. Christopher, and deny Defendants' Fourth Motion in part by permitting Plaintiff to call Mr. Smailbegovic;  Kevin Beers;  Chris Bereznay;   Keven Van Varce;  David Walace;  Marty Hahn;  and Robert Kusick.

### 2. Documentary Exhibits

Plaintiff's Amended Pretrial Statement, ECF No. 114, listed thirteen exhibits Plaintiff intended to use at trial.  Defendant's Fourth Motion in Limine, ECF No. 111, seeks to exclude certain of those exhibits because Plaintiff had not disclosed them in its initial disclosures or in the discovery period.  ECF No. 112 at 3.  Indeed, Defendant contends that Plaintiff never produced any documents in connection with its initial disclosures or during the discovery period.[4]  ECF No. 112 at 2.  A significant part of Defendant's Motion regarding exhibits has now become moot, because after the filing of Plaintiff's Amended Pretrial Statement, the parties filed a Joint Exhibit List, ECF No. 126, which includes only four exhibits.  Because the Joint Exhibit List is the parties' most up-to-date and complete list of the documents they seek to introduce as exhibits at trial, Defendant's Fourth Motion in Limine is moot as to any exhibit not identified in the Joint Exhibit List.

The first exhibit listed on the Joint Exhibit List is the Vendor Agreement between Plaintiff and Defendant.  ECF No 126 at 1.  Defendant does not object to the admissibility of the Vendor Agreement in the Joint Exhibit List.  ECF No. 126.  The Vendor Agreement, as the operative contract in this breach of contract case, is indisputably relevant and is admissible.  Defendant's Motion in Limine will be denied to the extent it seeks to exclude the Vendor Agreement.

The second proposed exhibit listed on the Joint Exhibit List is authored by Plaintiff and described as "[Defendant] chargebacks."  ECF No. 126 at 1.

Black's Law Dictionary defines a charge-back as "1. A bank's deducting of sums it had provisionally credited to a customer's account, occurring usu. when a check deposited in the account has been dishonored.  2. The reversal of a credit-card transaction."  *Black's Law*

---

[4] It should be noted that Defendant did not conduct any written discovery.  ECF No. 122 at 1.

*Dictionary*, *Charge-back*, (11th ed. 2019).  Plaintiff argues that Defendant would not be surprised by the evidence of the chargebacks and therefore they should be admitted.  *See* ECF No. 122 at 1. The Court agrees that because a charge-back represents movements of Defendant's own funds, Defendant would have been aware of the existence of records that demonstrate the chargeback and could have requested them during discovery.  The fact that Defendant chose not to conduct any written discovery should not prevent Plaintiff from admitting evidence about which Defendant had knowledge and could have requested, especially given that exclusion as a sanction is "extreme." *See In re Paoli R. R. Yard PCB Litig.*, 35 F.3d at 791–92.  Therefore, the Court will not exclude this exhibit for failure to disclose it during discovery and will deny Defendant's Motion with respect to this exhibit.[5]

The third exhibit on the Joint Exhibit Chart is a spreadsheet created by Plaintiff that includes "Associated Services in Insurance - Liability Insurance Costs[.]"  ECF No. 126 at 1–2. Defendant objects to this proposed exhibit on the ground that insurance costs are irrelevant and should be excluded along with any other evidence to support incidental damages.  The Court agrees.  Given that the Court is granting Defendant's First Motion in Limine and excluding evidence of Plaintiff's insurance costs, the third proposed exhibit is also irrelevant and will not be admitted.

The fourth exhibit on the Joint Exhibit Chart is a spreadsheet created by Plaintiff described as "W.J. Beitler warehouse Invoices."  ECF No. 126 at 1.  Defendant objects to this proposed exhibit because warehousing costs are irrelevant.  The Court agrees.  Given that the Court is

---

[5] The Court notes that, in the Joint Exhibit List, which was filed after the Motions in Limine, Defendant has raised additional objections as to admissibility and authenticity of this document.  The Court will address such objections seoarately, closer in time to the trial date.

granting Defendant's First Motion in Limine and excluding evidence of incidental damages, including warehousing costs, the fourth proposed exhibit is also irrelevant and will not be admitted.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's First, Amended Second, and Amended Third Motions in Limine, as follows.

- Defendant's First Motion is GRANTED, such that evidence of damages other than underpayment of invoices and chargebacks is excluded;

- Defendant's Amended Second Motion is GRANTED, such that evidence concerning Defendant's relations with vendors other than Plaintiff, including evidence related to Defendant's alleged patterns, practices, policies, or procedures concerning other vendors, is excluded;

- Defendant's Amended Third Motion is GRANTED, such that Plaintiff may not call Mr. Edward Stack, Defendant's CEO, as a witness at trial.

The Court will grant in part and deny in part Defendant's Fourth Motion in Limine as follows:

- GRANTED such that the testimony of Mr. Gupta and of Mr. Christopher is excluded;

- GRANTED such that proposed exhibits 3 and 4 of the January 25, 2021 Joint Exhibit List, ECF No. 126, are excluded.

- DENIED such that Plaintiff may call Kevin Beers, Chris Bereznay, Marty Hahn, Robert Kusick, Amer Smailbegovic, Keven Van Varce, and David Walace, to the

extent that their testimony is within the contours of the Court's rulings on Defendant's First Motion in Limine and Amended Second Motion in Limine.

- DENIED such that Plaintiff may use proposed exhibit 1 of the January 25, 2021 Joint Exhibit List, ECF No. 126 (the Vendor Agreement) at trial.

- DENIED such that proposed exhibit 2 of the January 25, 2021 Joint Exhibit List, ECF No. 126, is not excludable at trial on the ground that it was not disclosed in the initial disclosures or in discovery.  To the extent that Defendant maintains additional objections to the admissibility and/or authenticity of proposed exhibit 2, as set forth on the Joint Exhibit List, the Court will address those objections separately, closer in time to the start of trial.

DATED this 26th day of August 2021.

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record